UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON V. HILL,

    Plaintiff,

v.

OFFICER DE FRANCO, et al.,

    Defendants.

Case No. 20-cv-04027-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed an amended complaint, which is the operative complaint in this action. Dkt. 5.

Venue is proper because the events giving rise to the claim is alleged to have occurred in SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

Plaintiff named the following SVSP prison staff as Defendants: SVSP Correctional Officers De Franco, Juarez,[1] Hammel, Infante, Cary, Florez, and Beam.[2] Dkt. 5 at 4.[3] Plaintiff seeks injunctive relief and punitive damages. *Id.* at 3.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[1] The Clerk of the Court listed one of the named defendants as "Officer Fuarez" because Plaintiff's handwriting on his amended complaint is difficult to decipher. *See* Dkt. 5 at 1, 4. However, upon reading the amended complaint more closely, the Court has deciphered Plaintiff's handwriting and directs the Clerk to correct the spelling of this Defendant's name from "Officer Fuarez" to "Officer Juarez." *See id.*

[2] A defendant named in the original complaint, Chief Deputy Warden R. Parin, is not included as a defendant in the amended complaint, and the claims against him are accordingly DISMISSED. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (finding defendants not named in amended complaint are no longer defendants).

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges the following claims: (1) a claim of deliberate indifference to his safety needs in violation of his Eighth Amendment rights, stemming from a May 23, 2020 incident in which he was attacked by another inmate at SVSP (inmate Flanagan), and Plaintiff has adequately linked all the named Defendants to his claim for failing to intervene to prevent the attack; (2) a claim of the use of excessive force in violation of Plaintiff's Eighth Amendment rights against Defendant De Franco, stemming from the May 23, 2020 incident in which Defendant De Franco "shot Plaintiff on the right side of the body with [a] 40 mm[.] launcher gun for no reason"; (3) claim of deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights, stemming from the failure to properly treat his injuries stemming from the May 23, 2020 incident, and Plaintiff has adequately linked all the named Defendants to his claim; and (4) a claim for retaliation based on the named Defendants' failure to protect Plaintiff from being assaulted during the May 23, 2020 incident and taking "almost 20 to 30 minutes to intervene causing Plaintiff to sustain multiple injuries" and then "laughing [and] stating to Plaintiff that [he] got [his] ass kicked [so] . . . that will teach [him] about filing grievances against [them]." Dkt. 5 at 3, 5.

Plaintiff has stated a cognizable First Amendment retaliation claim as well as a cognizable Eighth Amendment claims for deliberate indifference to his safety and serious medical needs

2

1  against all named Defendants.  Plaintiff has also stated a cognizable Eighth Amendment excessive
2  force claim against Defendant De Franco.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated a cognizable First Amendment retaliation claim as well as a cognizable Eighth Amendment claims for deliberate indifference to his safety and serious medical needs against all named Defendants.

2. Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendant De Franco.

3. The Court DISMISSES all claims against Chief Deputy Warden R. Parin, a defendant named in the original complaint but who was not included as a defendant in the amended complaint.  *See Ferdik*, 963 F.2d at 1262.

4. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 5), and a copy of this Order to the following Defendants at SVSP: **SVSP Correctional Officers De Franco, Juarez, Hammel, Infante, Cary, Florez, and Beam.** The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause can be shown for the failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal

3

1  service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot
2  of the waiver form that more completely describes the duties of the parties with regard to waiver of
3  service of the summons.  If service is waived after the date provided in the Notice but before
4  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on
5  which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
6  whichever is later.

      6.     Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

      a.     No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of the amended complaint, Defendants must produce evidence proving failure to exhaust in

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1    a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light
2    most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment
3    under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the
4    district judge, rather than a jury, should determine the facts in a preliminary proceeding.  *Id.* at
5    1168.
6        If Defendants are of the opinion that this case cannot be resolved by summary judgment,
7    Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All
8    papers filed with the Court shall be promptly served on Plaintiff.
9        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
10   and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants'
11   motion is filed.
12       c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the
13   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
14   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
15   granted when there is no genuine issue of material fact—that is, if there is no real dispute about any
16   fact that would affect the result of your case, the party who asked for summary judgment is entitled
17   to judgment as a matter of law, which will end your case.  When a party you are suing makes a
18   motion for summary judgment that is supported properly by declarations (or other sworn
19   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific
20   facts in declarations, depositions, answers to interrogatories, or authenticated documents, as
21   provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and
22   documents and show that there is a genuine issue of material fact for trial.  If you do not submit
23   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
24   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
25   F.3d at 962-63.
26       Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
27   exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust
28   available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

5

1    without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you
2    did exhaust your available administrative remedies before coming to federal court.  Such evidence
3    may include: (1) declarations, which are statements signed under penalty of perjury by you or
4    others who have personal knowledge of relevant matters; (2) authenticated documents—documents
5    accompanied by a declaration showing where they came from and why they are authentic, or other
6    sworn papers such as answers to interrogatories or depositions; (3) statements in your amended
7    complaint insofar as they were made under penalty of perjury and they show that you have personal
8    knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for
9    failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under
10   Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact
11   with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.
12           (The notices above do not excuse Defendants' obligation to serve similar notices again
13   concurrently with motions to dismiss for failure to exhaust available administrative remedies and
14   motions for summary judgment.  *Woods*, 684 F.3d at 935.)
15                   d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the
16   date Plaintiff's opposition is filed.
17                   e.      The motion shall be deemed submitted as of the date the reply brief is due.
18   No hearing will be held on the motion unless the Court so orders at a later date.
19           7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil
20   Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose
21   Plaintiff and any other necessary witnesses confined in prison.
22           8.      All communications by Plaintiff with the Court must be served on Defendants or
23   Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to
24   them.
25           9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
26   informed of any change of address and must comply with the Court's orders in a timely fashion.
27   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
28   while an action is pending must promptly file a notice of change of address specifying the new

1  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
2  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
3  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
4  *se* party indicating a current address.  *See* L.R. 3-11(b).

5        10.    Upon a showing of good cause, requests for a reasonable extension of time will be
6  granted provided they are filed on or before the deadline they seek to extend.

7        IT IS SO ORDERED.
8  Dated:  December 15, 2020

                                      _____
                                      YVONNE GONZALEZ ROGERS
9                                        United States District Judge

United States District Court
Northern District of California